Zhang v. Holder

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of August, two thousand twelve.

PRESENT:
> RALPH K. WINTER,
> JOSÉ A. CABRANES,
> DENNY CHIN,
> > *Circuit Judges.*

_____

CHUNZI ZHANG, AKA YOUNG-IM BANG,
> *Petitioner,*

v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

11-132 (L)
11-4514 (Con)
NAC

_____

FOR PETITIONER:          Jay Ho Lee, New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant Attorney General; Holly M. Smith, Senior Litigation Counsel; Edward C. Durant, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of decisions of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review in U.S.C.A. Dtk. No. 11-132 (L) is DISMISSED and the petition for review in U.S.C.A. Dkt. No. 11-4514 (Con) is DENIED.

Petitioner Chunzi Zhang, a native and citizen of China, seeks review of a December 14, 2010, order of the BIA, affirming the January 16, 2009, decision of an Immigration Judge ("IJ"), which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), *In re Chunzi Zhang*, No. A089 255 681 (B.I.A. Dec. 14, 2010), *aff'g* No. A089 255 681 (Immig. Ct. N.Y. City Jan. 16, 2009), and a September 29, 2011, decision of the BIA denying her motion to reopen her removal proceedings, *In re Chunzi Zhang*, No. A089 255 681 (B.I.A. Sept. 29, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we note that Zhang has withdrawn her challenge to the BIA's 2010 decision.

In her motion to reopen, Zhang alleged ineffective assistance of her former counsel. We review the BIA's denial of a motion to reopen for abuse of discretion. *See*

2

*Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). To prevail on a claim of ineffective assistance of counsel, a movant must show that competent counsel would have acted otherwise, and that she was prejudiced by her counsel's performance. *See Rabiu v. INS*, 41 F.3d 879, 882-83 (2d Cir. 1994); *Esposito v. INS*, 987 F.2d 108, 111 (2d Cir. 1993) (per curiam).

The BIA did not abuse its discretion in finding that she was not prejudiced by her counsel's performance. *See Ke Zhen Zhao v. DOJ*, 265 F.3d 83, 93 (2d Cir. 2001). As the BIA noted, Zhang was not prejudiced by her counsel's failure to include in her asylum application the alleged abuse she suffered in detention, because Zhang omitted the very same information from her handwritten application statement. *See Rabiu*, 41 F.3d at 882. While Zhang argues that she prepared her statement while being represented by her former counsel, and explains that she had omitted this information because she thought she could nevertheless testify to these events, the BIA was not required to credit her explanation given the IJ's explicit instruction that she could be found not credible on the basis of inconsistencies between her application statement and testimony. *Cf. Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that an

3

agency need not credit an applicant's explanations for inconsistencies in the record unless those explanations would compel a reasonable fact-finder to do so). Because Zhang stated that her handwritten statement was true and correct, and declined to make any additions following the IJ's instruction, a reasonable fact-finder would not be compelled to credit her explanation. *See id.*

Similarly, the BIA did not abuse its discretion in finding that Zhang was not prejudiced by her counsel's failure to solicit a corroborative letter from her husband in China. As the BIA noted, Zhang's failure to submit this evidence was not the sole basis for the agency's adverse credibility determination, which was otherwise supported by her demeanor and the omission from her handwritten statement of the alleged abuse she suffered in detention. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166, n.3 (2d Cir. 2008)(providing that, for purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent").

Contrary to Zhang's assertion, the BIA did not abuse its discretion by finding that her halting demeanor was not the result of her counsel's failure to notify the IJ that

4

her best language was Korean rather than Mandarin. *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) (noting that "support for a contrary inference-even one more plausible or more natural-does not suggest error"). While Zhang argues that her perceived halting demeanor was the result of her difficulty with Mandarin, the BIA reasonably found her assertion unsupported by the record, because the transcripts did not show that she had any difficulty understanding and responding to questions in Mandarin. *See Majidi*, 430 F.3d at 80-81; *see also Siewe*, 480 F.3d at 168-69 (noting that where, as here, the agency's inference "is tethered to the evidentiary record, we will accord deference to the finding").

Lastly, Zhang's contention that the BIA ignored her counsel's improper relationship with an immigration services agency is misplaced. *See Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007)(noting that the agency is not required to expressly "parse or refute on the record each individual argument or piece of evidence offered by the petitioner" (internal quotation marks omitted)). Although Zhang argues that her attorney provided ineffective assistance by aiding in the unauthorized practice of law and splitting fees with a non-attorney, she was required to show that this conduct

5

caused her actual prejudice. *See Rabiu*, 41 F.3d at 882. Because the BIA reasonably concluded that Zhang was found not credible on the basis of her own actions, rather than as a result of her attorney's deficient performance, the record does not compellingly indicate that the BIA ignored her argument. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").

For the foregoing reasons, the petition for review in U.S.C.A. Dkt. No. 11-132 (L) is DISMISSED and the petition for review in U.S.C.A. Dkt. No. 11-4514 (Con) is DENIED. As we have completed our review, Zhang's pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6